# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALLEN ALEXANDER PARKS,    )
    )
    Plaintiff,    )
    )
v.    )    Case No. CIV-19-1188-D
    )
SHERIFF P.D. TAYLOR, et. al.,    )
    )
    Defendants.    )

## <u>ORDER</u>

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff Allen Alexander Parks, a state prisoner appearing *pro se* and *in forma pauperis*, alleges violations of his federal constitutional rights while he was in the custody of the Oklahoma County Detention Center.

Upon initial screening of the Complaint, Judge Mitchell recommends dismissal of certain claims as frivolous and dismissal of the remaining claim without prejudice for failure to state a claim.  Plaintiff filed a timely objection [Doc. No. 23] to the Report and Recommendation.   Therefore, the Court must make a de novo determination of issues specifically raised by the objection, and may accept, modify, or reject the recommended decision or return the matter to the magistrate judge with instructions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## I.      Background

Plaintiff's claims arise out of his pre-trial confinement in the Oklahoma County Detention Center.  He has sued a total of eleven defendants, all of whom are prison officials or employees.  The Complaint asserts that Plaintiff was deprived of adequate shelter when he was housed with two other inmates in his jail cell (Count I); deprived of adequate cleaning supplies after sewage from a toilet overflow incident affected his cell (Count II); and denied an adequate number of showers each week (Count III).

This is not the first time Plaintiff has raised these claims.[1]  Plaintiff previously filed a Complaint against defendants Taylor, Carter, Hanson, Hendershot, Herron, Neal, Stasnett, and Wilson, as well as Keith Jackson, the Oklahoma County Detention Center, Oklahoma County Sheriff Department, and Oklahoma County.  *See Parks v. Taylor, et. al.,* Case No. CIV-18-968 (W.D. Okla. Oct. 2, 2018) (*Parks I*).[2]  The *Parks I* Complaint alleged that Plaintiff's constitutional rights were violated when he (1) was exposed to raw sewage from a toilet overflow incident in his cell, which he was not allowed to leave for a four-day period nor to clean for even longer, (2) experienced excessive cell lockdowns that

---

[1] In addition to the instant case and *Parks I*, Plaintiff has two other pending lawsuits in this Court.  In *Parks v. Taylor*, *et al.*, CIV-19-1137-D, Plaintiff alleges various violations of his constitutional rights by Defendants Taylor, Honeycutt, and several other jail officials arising from an alleged use of excessive force.  In *Parks v. Board of County Commissioners of Oklahoma County, et al.*, CIV-20-205-D, Plaintiff again alleges violations of his constitutional rights against Defendants Taylor, Honeycutt, Herron, Bradley, Henley, Hendershott, Neal, and eighteen other parties arising from an alleged denial of adequate medical care.

[2] The Court takes judicial notice of the documents filed in Plaintiff's other cases.  *See* Fed. R. Evid. 201; *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

affected his access to recreation time and showers, and (3) was subject to an excessive use force.  *See Parks I*, Doc. 1 and Atts. 1-9; *see also* Doc. 93 at 3-4.

The *Parks I* claims against Oklahoma County were dismissed without prejudice and the claims against the Oklahoma County Sheriff's Department and the Oklahoma County Detention Center were dismissed with prejudice.  *See Parks I*, Doc. 11. Subsequently, defendants Taylor, Carter, Hendershott, and Jackson filed motions to dismiss.  *Parks I*, Docs. 22, 23, 24, and 44.  After Magistrate Judge Erwin recommended dismissal of some of the claims against these defendants, Plaintiff filed an unauthorized Amended Complaint and then proceeded to file no less than five documents seeking leave of court to amend, supplement, or "re-file" his claims.  *Parks I*, Docs. 50, 53, 54, 55, 60, 65, 83.  The amended pleadings submitted by Plaintiff in these filings were apparently meant to add new defendants, add new claims, and revise his existing allegations to address the deficiencies identified in Judge Erwin's Report and Recommendation.  Notably, the claims raised in this case are virtually identical to three of the (unauthorized) amended claims raised in *Parks I*.

Plaintiff, as well as Defendants Carter and Hendershott, filed Objections to Judge Erwin's R&R in *Parks I*.  *Parks I*, Docs. 62, 63, 76.  Plaintiff's objection indicated that he would file an additional lawsuit against all defendants if he was not allowed to amend his pleadings in *Parks I*.  *Parks I*, Doc. 88 at 3-4.  In fact, prior to filing his objection, Plaintiff had already initiated the instant lawsuit.  This Court adopted in part Judge Erwin's R&R and granted the motions to dismiss filed by defendants Taylor, Carter, Hendershott, and Jackson.  *Parks I*, Doc. 93.  The case remained under referral to Judge Erwin for further

3

proceedings, including Plaintiff's pending motions to amend. *Id.* Subsequently, Plaintiff filed two motions seeking leave to voluntarily dismiss several claims he asserted in his (still unauthorized) Amended Complaint. *Parks I*, Docs. 96, 100. Plaintiff's motions explained that he was seeking to dismiss the amended claims because the "specific claim counts are being properly prosecuted in CIV-19-1137-D." *Id.*

On August 14, 2020, Judge Erwin issued an Order in *Parks I* striking Plaintiff's proposed Amended Complaint and denying his various motions to amend or supplement his claims. *Parks I*, Doc. 114. On the same day, Judge Erwin issued a Report and Recommendation recommending that the claims against the remaining defendants in *Parks I* be dismissed without prejudice for lack of service and failure to prosecute. *Parks I*, Doc. 115. In recommending dismissal and striking the Amended Complaint, Judge Erwin noted that Plaintiff was pursuing similar claims against the defendants in the instant case. *Id.*

Prior to these rulings, Magistrate Judge Mitchell had issued her report and recommendation in this case. *See* R&R at 11. Judge Mitchell's R&R recommends dismissal of claim I for failure to state a claim upon which relief can be granted and dismissal of claims II and III as frivolous because they are duplicative of the claims pending in *Parks I. Id.* at 10. However, as a result of Judge Erwin's rejection of Plaintiff's amended allegations in *Parks I*, the duplicative nature of at least some of Plaintiff's claims is no longer as clear-cut as when Judge Mitchell issued her R&R.

What is clear, however, is that Plaintiff has frustrated an orderly resolution of his claims by initiating overlapping lawsuits and filing multiple pleadings that contain extraneous material. Although Plaintiff's status as a *pro se* litigant means that his pleadings

4

are to be liberally construed, it does not entitle him to any preferred treatment with respect to the rules of procedure. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff is advised that his habit of filing duplicative papers, motions, and suits will only serve to delay, rather than expedite, the adjudication of his claims.

## II. Discussion

### A. Claim I

Plaintiff's first claim asserts that Defendants Taylor, Honeycutt, Herron, Bradley, Sedbrook, Carter and Wilson ordered, approved, and implemented an order that resulted in Plaintiff being housed in a jail cell with two other inmates. *See* Compl. at 16-19. He claims that the cell was only designed to accommodate a total of two inmates and the overcrowded conditions resulted in an "unsafe and hazardous cell environment" that violated his Eighth and Fourteenth Amendment rights. *Id.*

Judge Mitchell found that Plaintiff had failed to state a valid conditions of confinement claim because his allegations were not sufficiently serious to show that the Defendants deliberately deprived him of humane living conditions. *See* R&R at 9-10. She further found that although Plaintiff claims he was injured as a result of the overcrowded cell, he failed to sufficiently identify his injuries or explain how the housing conditions caused the injuries. *Id.* Plaintiff objects to this finding by pointing to the "additional 137 pages of clearly detailed severe injuries to my body" that he included with his Complaint, and asserting that the totality of the circumstances led to an unconstitutional cell environment. *See* Pl.'s Obj. at 3. The Court agrees with Judge Mitchell that Plaintiff has failed to state a valid conditions of confinement claim in Count I.

"Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (internal citation omitted); *see also Turner v. Oklahoma Cty. Bd. of Cty. Commissioners*, 804 F. App'x 921, 925 (10th Cir. 2020). The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). In order to hold a jailer personally liable for an alleged Eighth Amendment violation, a plaintiff must show both that "the alleged deprivation was sufficiently serious" and that the jail official was deliberately indifferent to the plaintiff's health or safety. *Craig*, 164 F.3d at 495.

An alleged deprivation is "sufficiently serious" to form the basis of an Eighth Amendment violation only if it involves a denial of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quotation omitted). Thus, "[m]ere discomfort which poses no risk to health and safety does not implicate the Eighth Amendment." *Dittmeyer v. Whetsel*, 91 F. App'x 111, 119 (10th Cir. 2004). Rather, an "extreme deprivation[] [is] required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Importantly, "overcrowding alone is not 'sufficiently serious' to establish a constitutional violation." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002) (citing *Rhodes v. Chapman*, 452 U.S. 337, 348–49 (1981)).

Plaintiff alleges that as a result of overcrowding in his cell, one inmate had to sleep on the floor, there was limited room to move about inside the cell, and it was difficult to descend from the top bunk. *See* Compl. at 17-19; Att. 1-3 at 84-94. He claims that the cramped conditions caused him injuries, including arthritis, psychological problems, and a head injury that occurred after he tripped on another inmate while climbing out of the top bunk. *Id.* These allegations simply do not show the type of extreme deprivation needed to make out a conditions of confinement claim. Plaintiff may have had to sleep on the floor or cope with limited floor space, but that is not sufficient to establish that he was deprived of life's necessities, such as "essential food, medical care, or sanitation." *Rhodes*, 452 U.S. at 348. Further, climbing down from a bunk bed, a feat that is successfully performed by young children on a daily basis, can hardly be considered a dangerous condition that is sufficiently serious to form the basis of a constitutional violation. In short, Plaintiff has not demonstrated that placing three prisoners in a cell designed for two rises to the level of an Eighth Amendment violation. *See Stevenson v. Whetsel,* 52 F. App'x 444, 446 (10th Cir. 2002) (unpublished) (affirming dismissal for failure to state a claim where plaintiff alleged prison overcrowding was the cause of injury he suffered while descending from top bunk.)

Accordingly, upon *de novo* consideration of the sufficiency of Plaintiff's factual allegations for Claim I, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Claim I is dismissed without prejudice.

## B.  Claims II and III

Plaintiff's second claim asserts that in late 2017 his cell became flooded with raw sewage and Defendant Wilson refused to provide him with adequate cleaning supplies for several weeks.  *See* Compl. at 21-22.  He further alleges that Defendants Taylor, Honeycutt, Herron, Bradley, Carter, Neal, Sedbrook, Hanson, and Hendershott ordered Wilson not to provide cleaning supplies to inmates under any circumstances, and that Defendants Hanson, Hendershott, and Carter persisted with this order even though they were aware of the flooding incident. *Id.* at 21-22; 32-33.  He claims that the failure to provide him with cleaning supplies resulted in a violation of his Eighth and Fourteenth Amendment rights. *Id.*

Plaintiff's third claim asserts that Defendants Wilson, Hanson, and Stasnett violated his right to "adequate basic hygiene" by failing to provide him with at least three showers per week and an "emergency" shower following the flooding incident.  *Id*. at 23-24.  He claims that they were operating pursuant to the orders of Defendants Taylor, Honeycutt, Herron, Bradley, Carter, Sedbrook, Neal and Hendershott, who refused to resolve the understaffing problems that contributed to the limited shower access and were motivated by a desire to make conditions in the jail as harsh as possible.  *Id.* at 23-25.

As previously explained, Judge Mitchell recommends dismissal of Claims II and III as frivolous because they are duplicative of claims raised in *Parks I. See* R&R at 5-6. Plaintiff objects to this recommendation and explains that he filed the instant lawsuit because he was not certain whether it was procedurally correct to pursue his amended claims in *Parks I.  See* Pl's Obj. at 2.

8

Plaintiff's procedural uncertainties aside, it is undisputed that "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Ford v. Mischeviz*, 68 F. App'x 877, 878 (10th Cir. 2003) (quoting *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2nd Cir.2000). "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012). The power to dismiss duplicative suits "fosters judicial economy" and "protect[s] parties from the vexation of concurrent litigation over the same subject matter." *Ford*, 68 F. App'x at 878 (quotation omitted).

Claims II and III are similar to claims asserted in Plaintiff's original Complaint in *Parks I*.[3] Both actions assert deprivations arising from the toilet overflow incident and a failure to provide adequate recreation and shower time. *See Parks I*, Doc. 1 at 6-7, Atts. 3-4. Although both actions appear to address the same series of events, the Complaint in this case includes new factual allegations, omits certain defendants, and adds new defendants. *See McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir. 1997) (suggesting that subsequently filed action may not be duplicative as to newly added defendant). Further, interpreting the pleadings liberally, it appears that Plaintiff's intent was to voluntarily dismiss the claims brought in *Parks I* and to re-file them in this action. Accordingly, under these circumstances, the Court finds that dismissing this case as frivolous because the

---

[3] Claims II and III are virtually identical to claims asserted in the unauthorized Amended Complaint Plaintiff filed in *Parks I*. However, as the Amended Complaint has been stricken and leave to amend has been denied, the original Complaint remains the operative pleading.

claims are duplicative of the claims raised in *Parks I* is not warranted at this time.  Instead, the case will be re-referred to Judge Mitchell for further proceedings.

### III.    Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED in part, as set forth herein. Claim I is dismissed without prejudice for failure to state a claim upon which relief may be granted.  This case is re-referred to Judge Mitchell for further proceedings consistent with the initial case referral [Doc. No. 4].

**IT IS SO ORDERED** this 28th day of August, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge