IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN ALEXANDER PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-19-1188-D |
| | ) |
| SHERIFF P.D. TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Allen Alexander Parks ("Plaintiff") filed an Amended Complaint in this Section 1983 matter on June 3, 2021. (Doc. 71). For the reasons stated below, the Amended Complaint is **STRICKEN**. As a result, the Appearing Defendants' Motion to Dismiss (Doc. 72) is **DENIED AS MOOT**.

Also before the Court is Plaintiff's motion seeking leave to serve Defendant Christopher Hendershot through the attorney representing him in a matter currently pending before the Tenth Circuit. (Doc. 73). For the reasons stated below, Plaintiff's motion is **CONDITIONALLY GRANTED**.

**(1)   Amended Complaint (Doc. 71) and Motion to Dismiss (Doc. 72).**

Plaintiff brought three claims against eleven defendants in a 190-page Complaint.[1] (Doc. 1, at 2-4, 12-13). After the defendants who had been served ("Appearing Defendants") filed a Motion to Dismiss (Doc. 62), Plaintiff filed multiple motions for extensions of time to respond to the motion to dismiss, to respond to the special report, and to file an amended

---

[1] The page count is inclusive of the Complaint and attached declarations.

complaint. (Docs. 64, 65, 66, 67, 68). In one such motion, Plaintiff noted that he intended to add approximately seventy pages to his Complaint. (Doc. 65, at 12). On April 9, 2021, the Court granted Plaintiff until May 17, 2021, to respond to the motion to dismiss and/or special report and/or to amend his complaint. (Doc. 69, at 3). However, the Court:

> caution[ed] Plaintiff that his amended complaint must comply with Federal Rule of Civil Procedure 8, which demands "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff's proposed 70-page addition to his current complaint emphatically does not comport with the letter or spirit of the Federal Rules of Civil Procedure.

(*Id.*) (internal citation omitted).

Despite the Court's warning, Plaintiff filed a 369-page Amended Complaint, inclusive of exhibits. (Doc. 71). The Complaint features nine claims – supported by twenty-one declarations[2] – against seventeen defendants. (*Id.*) The declarations include repetitive facts, lengthy legal arguments, and each supply facts in support of multiple claims. The Appearing Defendants subsequently filed a Motion to Dismiss. (Doc. 72).

The Court finds Plaintiff's Amended Complaint was untimely filed. The date on which Plaintiff's Amended Complaint is deemed filed is governed by the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (applying the prison mailbox rule to Section 1983 filings). To take advantage of the prison mailbox rule, a prisoner must either allege and prove "he or she made timely use of the prison's legal mail system" if one is available, or include "a notarized statement or a declaration under penalty of perjury" stating

---

[2] At least one of the declarations is missing pages and it appears Plaintiff intended to include two additional declarations, as Declarations 7 and 8 do not appear in the Complaint despite their citation in support of some of his claims.

2

the date on which the document was given to prison staff for mailing and that postage was prepaid. *Id.* at 1166.

Plaintiff alleged he placed the document in the prison's outgoing legal mail on May 17, 2021 – the Court's deadline for Plaintiff to amend his complaint. (Doc. 71, at 35). This statement, however, was not made under penalty of perjury. Additionally, Plaintiff lacks proof of the document's placement in the legal mail on that date. *See Fontinott v. Phillips*, No. CIV-07-721-R, 2007 WL 2572188, at *1 (W.D. Okla. Aug. 31, 2007) ("[T]he Plaintiff has the burden of proving that his Complaint was timely filed by evidence that he had access to a legal mail system, that he gave the Complaint to a prison official and it was logged in to the legal mail system."). To the contrary, prison staff initialed over the "Legal Mail" stamp and wrote "6-3-21" on the envelopes used to send the documents to the Court. (Doc. 71, at Ex. 3). Further, the postmark date on the envelopes Plaintiff used to send the filings is June 3, 2021. (*Id.*) Thus, the Court considers the Amended Complaint filed on June 3, 2021. *See Love v. Daniels*, 549 F. App'x 801, 804 (10th Cir. 2013) (considering postmark date to be date filed under the prison mailbox rule).

A party may amend its pleading once as a matter of course within: (A) twenty-one days after serving it; or (B) twenty-one days after the service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A), (B). The Appearing Defendants filed their Motion to Dismiss seeking to dismiss the original complaint on January 29, 2021. (Doc. 62). Thus, Plaintiff had until February 19, 2021, to file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiff, however, did not file his Amended Complaint until

3

June 3, 2021 – well past the applicable deadline. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While Plaintiff obtained leave to file an amended complaint, he only had until May 17, 2021, under the Court's deadline. (Doc. 69, at 3). Plaintiff did not meet this deadline either.

Even if Petitioner's Amended Complaint were liberally construed as a renewed motion for leave to file an Amended Complaint, it would be denied because the Amended Complaint does not satisfy Rule 8's requirement that the pleading contain "a short and plain statement of the claim[s]." Fed. R. Civ. P. 8(a)(2). The 369-page Amended Complaint contains extensive legal argument and twenty-one declarations – each of which purport to support multiple claims. This type of expansive filing does not comport with the requirements of Rule 8. *See Parks v. Jones*, No. CIV-18-892-D, 2019 WL 202205, at *1, n.1 (W.D. Okla. Jan. 15, 2019) (noting, in a case involving the same Plaintiff as herein, that "were the case to proceed, the Court would require Plaintiff to file a concise pleading that complies with" Rule 8, where the handwritten complaint, nine declarations, and other materials spanned more than 80 pages); *see also Arndt v. Hatfield*, No. CIV-20-181-R, 2020 WL 2892668, at *1 (W.D. Okla. June 2, 2020) (finding plaintiff's complaint violated Rule 8, where the complaint was 189 pages long, "[did] not contain short and plain statements notifying Defendants of the claims made against them," and did not "contain simple, concise, or direct allegations"); *Coosewoon v. United States*, No. CIV-18-199-D, 2018 WL 1221396, at *1–2 (W.D. Okla. Mar. 8, 2018) (finding "dismissal is proper under Rule 8 where a *pro se* complaint is unreasonably long, rambling, and otherwise filled with irrelevant material"). Additionally, by filing an Amended

Complaint with 179 more pages than the original Complaint, Plaintiff blatantly disregarded the Court's warning that adding 70 pages in an amended pleading would run afoul of Rule 8.

For the reasons stated above, the Court **STRIKES** the Amended Complaint. (Doc. 71). As a result, the Appearing Defendants' Motion to Dismiss (Doc. 72) is **DENIED AS MOOT.**

Plaintiff is **DIRECTED** to file – within **21 days** – either: (1) a motion for leave to amend his complaint; or (2) a notice advising the Court he intends to proceed on the original Complaint. If Plaintiff files a motion for leave to amend his complaint, he must comply with LCvR15.1 – including the provision that requires a party to "attach the proposed pleading as an exhibit to the motion." Additionally, to comply with Fed. R. Civ. P. 8(b), Plaintiff's proposed Amended Complaint: (1) shall not contain more than 100 handwritten pages, inclusive of exhibits and declarations; (2) shall be organized on a claim-by-claim basis, listing the facts necessary to state each claim;[3] and (3) shall not contain legal argument in support of his claims.

**(2)    Plaintiff's Motion to Allow Service of Defendant Hendershot Through His Counsel (Doc. 73).**

On October 6, 2020, the Court ordered Plaintiff to complete forms required for service within 30 days and to effectuate service within 120 days. (Doc. 32, at 3). Plaintiff submitted a Pro Se Litigant's Request for Issuance of Summons which requested the Clerk of Court to issue summons for Defendant Hendershot. (Doc. 40, at 2). The Clerk of Court issued the summons on November 9, 2020. (Doc. 41, at 15). On November 18, 2020, a Deputy United

---

[3] This is in contrast to Plaintiff's Amended Complaint, which was loosely organized by declarations applicable to multiple claims.

States Marshal attempted service on Defendant Hendershot, but was unable to locate him. (Doc. 48).  The return of service noted that Defendant Hendershot was no longer employed at Oklahoma County Detention Center ("OCDC") and there was no forwarding address.[4]  (*Id.*)  Pursuant to the Court's order, the deadline for service expired on February 3, 2021.

In his motion, Plaintiff asserts Defendant Hendershot is represented by Gary J. James & Associates in Tenth Circuit Case No. 21-6014.  (Doc. 73, at 10-11).  He contends "it is obvious, or at least reasonable to assume, that [Defendant] Hendershot's above current attorney of record whom is representing [Defendant] Hendershot . . . either knows [or should know] of [Defendant] Hendershot's current whereabouts (or where, and/or when, that [Defendant] Hendershot can be successfully located and/or contacted)."  (*Id.* at 11).  Thus, he requests that the USMS be ordered to deliver a copy of the Amended Complaint to Gary J. James & Associates' possession at Gary J. James & Associates' place of business and order Gary J. James & Associates to accept service on behalf of Mr. Hendershot.  (Doc. 73).

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to effectuate service in accordance with Oklahoma law.  Oklahoma law provides:

> If service cannot be made by personal delivery or by mail, a defendant . . . may be served as provided by court order in a manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard and upon filing an affidavit by the plaintiff or plaintiff's attorney that with due diligence service cannot otherwise be made upon the defendant.

---

[4] The record does not support Plaintiff's assertion that the United States Marshals Service ("USMS") attempted to locate Defendant Hendershot at his home address or that the USMS was "repeatedly unsuccessful" at serving him.  (Doc. 73, at 12).  Instead, the Deputy Marshal reported there was no forwarding address and submitted the return of service unexecuted after the "first endeavor."  (Doc. 48).

Okla. Stat. tit. 12, § 2004(C)(6). This provision has been applied to fashion alternative methods for pro se prisoners to obtain service on defendants in incarceration-related litigation. *See Gray v. Ritter*, No. CIV-11-1446-F, 2013 WL 1633271, at *2 (W.D. Okla. Mar. 14, 2013), *adopted*, 2013 WL 1633723 (W.D. Okla. Apr. 16, 2013) (citing Okla. Stat. tit. 12, § 2004(C)(6) as authority for its prior order requiring the United States Department of Justice "to serve defendants directly at the facility where they work"). Additionally, at least one court has applied the Oklahoma law to allow service on an attorney representing the defendant in a pending case in another court. *See Broad. Music, Inc. v. El Super Corral Co.*, 2020 WL 12799453, at *1 (N.D. Okla. Jan. 23, 2020) ("[T]he Court concludes that service of process on defendants' attorney in [a pending state court] case is reasonably calculated to give defendants notice of this action and an opportunity to be heard."). And when considering Federal Rule of Civil Procedure 4(f)(3) – which allows a court to order any means of service not prohibited by international agreement – one court granted a plaintiff's request for service by email to a party and its counsel in another matter involving both parties. *Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, 2018 WL 6589806, at *3 (D. Colo. Dec. 13, 2018) ("Here, Plaintiffs seek leave of the Court to serve Defendant by email sent to Defendant and its U.S. counsel in the TTAB Proceeding. Numerous courts have found that neither method of service is prohibited by any international agreement and thus have permitted service on Chinese defendants by email and/or by substituted service on legal counsel pursuant to Rule 4(f)(3).").

In this matter, the USMS was unable to locate Defendant Hendershot at OCDC because he no longer worked there. (Doc. 48). The Deputy Marshal did not receive a forwarding

7

address and did not describe any further attempt to locate Defendant Hendershot. (*Id.*) Given this apparent dead end in locating Defendant Hendershot, the Court finds it is appropriate to allow service on Gary J. James – who entered an appearance on behalf of Defendant Hendershot in Tenth Circuit Case No. 21-6014 – because service on Mr. James is reasonably calculated to give Defendant Hendershot notice of these proceedings. However, because Plaintiff may elect to amend his complaint and it is possible such complaint will omit claims against Defendant Hendershot, the Court will not direct the USMS to serve Defendant Hendershot through Mr. James until <u>after</u> the Court has granted Plaintiff leave to amend his complaint or Plaintiff has filed a notice indicating his intention to proceed with the original complaint.

For the reasons stated above, Plaintiff's motion related to the service of Defendant Hendershot (Doc. 73) is **CONDITIONALLY GRANTED**. If Defendant Hendershot remains in this case, the Court will direct the USMS to serve him through Gary J. James.

IT IS SO ORDERED this 7th day of March, 2022.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE