IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLEN ALEXANDER PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-1188-D |
| | ) | |
| SHERIFF P.D. TAYLOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 90] issued by United States Magistrate Judge Amanda Maxfield Green on July 21, 2022. Briefly stated, Judge Green finds that Plaintiff has declined "multiple opportunities to prosecute this action in a manner that is timely, mindful of judicial resources, and complies with the Federal Rules of Civil Procedure" and, specifically, that Plaintiff has failed to comply with the directions in the Order of March 7, 2022, which were designed to generate an amended pleading that would satisfy Fed. R. Civ. P. 8. *See* R&R at 3. Judge Green therefore recommends the dismissal of this action without prejudice to refiling under Fed. R. Civ. P. 41(b).

Within the extended deadline permitted by the Court, Plaintiff has filed a timely Objection [Doc. No. 94]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 seeking damages for alleged unconstitutional conditions of confinement in the Oklahoma County Detention Center from January 2017 to June 2018. Plaintiff has filed other § 1983 cases asserting similar claims and, at times, has prosecuted duplicative actions. *See Parks v. Okla. Cty. Sheriff*, Case No. CIV-18-968-D, Order (W.D. Okla. Nov. 30, 2020), *appeal dismissed*, No. 21-6014, 2022 WL 1789119 (10th Cir. June 2, 2022) (unpublished) (discussing Plaintiff's multiplicity of suits). Plaintiff is currently litigating two other cases in tandem with this one, *Parks v. Taylor*, Case No. CIV-19-1137-D (W.D. Okla. Dec. 5, 2019), and *Parks v. Bd. Cty. Comm'rs*, Case No. CIV-20-205-D (W.D. Okla. Mar. 6, 2020). During the pendency of this case, Plaintiff has also pursued multiple appeals and a petition for an extraordinary writ. *See Parks v. Okla. Cty. Sheriff*, No. 20-6054, Order (10th Cir. Aug. 18, 2020) (appeal dismissed without judicial action); *Parks v. Taylor*, No. 20-6171, Order (10th Cir. Nov. 20, 2020) (same); *Parks v. Okla. Cty. Sheriff*, No. 21-6014, 2022 WL 1789119 (10th Cir. June 2, 2022) (unpublished) (dismissed for lack of jurisdiction); *In re Parks*, No. 22-6026, Order (10th Cir. Apr. 7, 2022) (voluntarily dismissed); *Parks v. Taylor*, No. 22-6085, Order (10th Cir. July 25, 2022) (dismissed for lack of jurisdiction).

Throughout this case, the assigned judges have employed various case management tools to cabin Plaintiff's voluminous filings and attempt to move the case forward.[1]

---

[1] The case was originally referred to Magistrate Judge Suzanne Mitchell, who transferred the referral to Judge Green in October 2020. The undersigned has also been called to manage Plaintiff's filings in reviewing prior R&R's and presiding over the case between referrals.

However, Plaintiff has struggled to draft sufficient pleadings and meet filing deadlines; he has repeatedly moved for extensions of time. In the March 7 Order discussed in the Report, Judge Green gave Plaintiff a choice of two courses of action and a firm deadline. Judge Green directed Plaintiff to file within 21 days either a motion to amend his pleading or a notice of his intent to proceed on his original Complaint and, if he elected the first option, to submit a proposed pleading that satisfied certain criteria (including a maximum length of 100 pages).

Plaintiff first asserts that he filed only seven motions to extend the deadline set by the March 7 Order (not nine as stated by Judge Green) and that all seven were supported by good cause. Judge Green finds that none of the motions showed good cause for Plaintiff's delay, as required by Fed. R. Civ. P. 6(b). *See* R&R at 3. Although Plaintiff challenges this finding, he does so without examining his actual motions and adds reasons that were not asserted, such as being "legally blind" and recovering from a surgery that occurred in February 2022. *See* Obj. at 20-21 (ECF page numbering).

Upon *de novo* consideration, the Court finds that Plaintiff plainly lacked good cause for some of his motions. For example, Plaintiff complained that he lacked indigent supplies to prepare his proposed amended complaint (100 pages of paper and writing pens) and lacked access to the prison library at a time when he was using his library time and supplies for other litigation, such as a procedurally improper interlocutory appeal.[2] *See Parks v. Taylor*, Case No. CIV-19-1137-D, Notice of Appeal (W.D. Okla. May 25, 2022) (notice

---

[2] Plaintiff knew this appeal was procedurally improper because he had previously taken other interlocutory appeals that were dismissed.

and related motions totaling 83 pages); *Parks v. Taylor*, No. 22-6085, Appellant's Mot. Extend Time (10th Cir. June 17, 2022) (28-page motion with attached copies of prior motions and orders totaling 148 pages).  In other words, Plaintiff simply chose to give other cases higher priority.  Plaintiff expressly stated as a reason for delay on multiple occasions in this case that he was devoting his time and litigation resources to other cases.  *See*, Pl.'s Mot. Extension Time [Doc. No. 80] at 3; Pl.'s 2d Mot. Extension Time [Doc. No. 84] at 5; Pl.'s 5th Mot. Extension Time [Doc. No. 88] at 2-3.  Plaintiff also complained that he lacked a large envelope to mail his pleading and lacked access to a copier to make a duplicate copy before mailing, at times when he had not finished drafting it.  In short, viewed collectively, Plaintiff's series of excuses do not constitute "good cause" for almost five months of delay in complying with the March 7 Order.[3]

After Judge Green issued her R&R, however, Plaintiff belatedly filed his Motion for Leave to File a Second Amended Complaint [Doc. No. 93] with an attached proposed pleading that substantially satisfies the requirements of the March 7 Order.  Plaintiff's proposed amendment is 86 pages long, excluding a 47-page exhibit that consists of a copy of the inmate handbook.  The proposed pleading sets out the factual allegations to support Plaintiff's claims in numbered paragraphs, unlike prior pleadings that included a collection of overlapping and repetitious declarations.  *See* Pl's Mot., attach. 1 [Doc. No. 93-1].  Thus,

---

[3] The Tenth Circuit holds that "[t]rial courts have considerable discretion in determining what kind of showing satisfies [the] good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal quotation omitted).  "'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id*.

the primary basis for Judge Green's finding that Plaintiff has failed to prosecute his action – although accurate when it was made – has been overcome by subsequent events.

Another consideration is the substantial resources that have been expended on this case. Although it has been pending for almost three years without advancing beyond the pleading stage, Plaintiff has completed service of some defendants and a *Martinez* report has been prepared. *See* Special Report [Doc. No. 59] (with attached records exceeding 1000 pages). Further, the Court has made legal rulings that will govern Plaintiff's proposed pleading in this case but would need to be revisited or duplicated in a new action. Under these circumstances, the Court elects to exercise its discretion to permit this case to move forward rather than dismissing it without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED** that the pending Report and Recommendation [Doc. No. 90] is **ADOPTED in part** and **NOT ADOPTED in part**. Plaintiff's Motions [Doc. Nos. 80, 81, 82 and 84 through 90] are **DENIED**, but Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 93] is **GRANTED**. Plaintiff shall file his proposed Amended Complaint [Doc. No. 93-1] within 14 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Doc. No. 62], directed at Plaintiff's original Complaint, is **DENIED** as moot. This case is re-referred to Magistrate Judge Green for further proceedings consistent with the initial case referral.

**IT IS SO ORDERED** this 22nd day of September, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge